# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RYAN BUTTON, ON BEHALF OF HIMSELF AND THOSE SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>DOLLAR GENERAL CORPORATION, DOLGENCORP, LLC D/B/A DOLLAR GENERAL, TODD VASOS, JEFF OWEN, STEVE SUNDERLAND, EMILY TAYLOR, AND JOHN DOES 1-500, INDIVIDUALLY, JOINTLY, SEVERALLY, OR IN THE ALTERNATIVE,<br><br>Defendants. | District of New Jersey Case No. 3:22-cv-07028-MAS-RAS<br><br>Removed from Superior Court of New Jersey, Monmouth County, Law Division<br><br><br>Docket No. MON-L-002774-22<br><br>**Return Date: February 21, 2023** |

---

### PLAINTIFF RYAN BUTTON'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO REMAND, OR IN ALTERNATIVE,
### GRANT LEAVE TO SEEK JURISDICTIONAL DISCOVERY

---

**THE DANN LAW FIRM, PC**
Javier L. Merino, Esq. (#078112014)
Andrew R. Wolf, Esq. (#018621995)
1520 U. S. Highway 130, Suite 101
North Brunswick, NJ 08902
(201) 355-3440 – TELEPHONE
(216) 373-0536 – FAX
*Attorneys for Plaintiff and*
*others similarly situated*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................... iii

PRELIMINARY STATEMENT ............................................................1

PROCEDURAL HISTORY....................................................................3

STATEMENT OF FACTS ......................................................................4

PLAINTIFF'S CLAIMS AGAINST THE JOHN DOES DEFENDANTS ..............7

CLASS COMPOSITION AS STATED IN THE REMOVAL NOTICE.................8

ARGUMENT .........................................................................................8

   I.  Background on the Class Action Fairness Act .................................8

   II.  Background on Button's CFA and TCCWNA Claims...................10

     A.  The Elements of a CFA Claim. ...............................................10

     B.  Individual Liability under the CFA .........................................11

   III. The Complaint Meets the Local Controversy Exception Under
      28 USC 1332.......................................................................13

     A.  Plaintiff and the Putative Class are Residents of New Jersey and at  Least One John Doe is a Local Defendant.........................................13

     B.  At least One John Doe's Conduct Forms a Significant Basis for the Class Claims ...........................................................................15

     C.  Plaintiff is Seeking Significant Relief from at least One John Doe Defendant...............................................................................18

IV. If This Court Determines the Record is Insufficient to Remand, it Should
Order Jurisdictional Discovery .......................................................................20

IV. CONCLUSION ..............................................................................................22

## <u>TABLE OF AUTHORITIES</u>

*Allen v. V & A Bros., Inc.*, 208 N.J. 114 (2011) ........................................................12

*Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764 (3d Cir. 1991) ................................14

*Canseven v. Just Pups, LLC*, No. 15-5633, 2015 U.S. Dist. LEXIS 123223
    (D.N.J. Sep. 16, 2015) ........................................................................................20

*Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011) ............. 15, 16

*Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances*,
    723 F.2d 357 (3d Cir. 1983) ..............................................................................22

*Cox v. Sears, Roebuck & Co.*, 138 N.J. 2 (1994) ......................................................10

*D'Agostino v. Maldonado*, 216 N.J. 168 (2013) ........................................................10

*Dugan v. TGI Friday's Inc.*, 231 N.J. 24 (2017) .......................................................11

*Gennari v. Weichert Co. Realtors*, 148 N.J. 582 (1997) ..........................................11

*Glastein v. CareFirst Blue Cross Blue Shield*, Civ. A. No. 18-9664,
    2019 U.S. Dist. LEXIS 52746 (D.N.J. Mar. 28, 2019) ......................................14

*Gonzalez v. Wilshire Credit Corp.*, 207 N.J. 557 (2011) ..........................................10

*Huffmaster v. Robinson*, 221 N.J. Super. 315 (Law Div. 1986) ..............................11

*Kaufman v. Allstate New Jersey Insurance Co.*, 561 F.3d 144 (3d Cir. 2009) .......10

*Kelly v. Verizon Pa.*, LLC, No. 16-5672, 2019 U.S. Dist. LEXIS 22382
    (E.D. Pa. Feb. 11, 2019) .....................................................................................18

*Lee v. Cent. Parking Corp.*, 2015 U.S. Dist. LEXIS 96516
    (D.N.J. July 24, 2015).........................................................................................20

*Lemelledo v. Beneficial Mgmt. Corp. of Am.*, 150 N.J. 255 (1997) ........................10

*Mark v. Homeserve United States Corp.*, No. 19-20505, 2020
   U.S. Dist. LEXIS 267697 (D.N.J. July 2, 2020) ....................................16

*Minardi Consulting, Inc. v. Anderson*, No. 2:22-cv-00071 (BRM) (JSA),
   2022 U.S. Dist. LEXIS 137737 (D.N.J. Aug. 3, 2022).........................15

*Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980) .......................................14

*New Mea Construction Corporation v. Harper*, 203
   N.J. Super. 486 (App. Div. 1985)..........................................................11
*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989) ...............13

*Roche v. Aetna Health Inc.*, 2014 U.S. Dist. LEXIS 43239 ............................ 20, 22

*Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392 (3d Cir. 2004)....................9

*Scibek v. Longette,* 339 N.J. Super. 72 (App. Div. 2001)........................................11

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003) .........................20

*Vodenichar v. Halcón Energy Props.*, 733 F.3d 497 (3d Cir. 2013)..................9, 20

*Vodenichar v. Halcón Energy Props.*, 733 F.3d 497n.8 (3d Cir. 2013).................16

*Walsh v. Defs., Inc.*, 894 F.3d 583 (3d. Cir. 2018) ..................................................14

## **Statutes**
28 U.S.C. § 1332(d)(4)(A).......................................................... 9, 15, 18
28 U.S.C. § 1441(a) ..........................................................................8
28 U.S.C. §1332(d)(2)(A)................................................................1, 8
28 U.S.C. §1332(d)(4)(A)(i)(III) .......................................................19
28 U.S.C. §1332(d)(7)......................................................................14

## **Other Authorities**
N.J.A.C. § 13:45A-9.2(a)(10) ............................................................6
Oxford English Dictionary (2d ed. 1989) .............................................16

## PRELIMINARY STATEMENT

This matter was improperly removed by Defendants Dollar General Corporation, Dolgencorp, LLC, Todd Vasos, Jeff Owen, Steve Sunderland, and Emily Taylor (collectively, the "Defendants") from the Law Division of the Superior Court of New Jersey, Law Division, Monmouth County, where Plaintiff Ryan Button ("Button") filed this class action complaint, to this District Court.

In its Notice of Removal, Defendants contend that this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2)(A). The Class Action Fairness Act ("CAFA") under 28 U.S.C. §1332(d) permits removal of class actions to the federal court only if the party seeking removal plausibly alleges that there is at least "minimal" diversity, there are at least 100 putative class members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. §1332(d)(2), (5)(B) and (6). Button asks this court to decline jurisdiction and invoke the mandatory remand back to the Superior Court of New Jersey, as this matter meets the local controversy exception under CAFA.

Under the local controversy exception, a district court must decline jurisdiction where six requirements are met: (1) greater than two-thirds of the putative class are citizens of the state in which the action was originally filed; (2) at least one defendant is a citizen of the state in which the action was originally filed (the "local defendant"); (3) the local defendant's conduct forms a significant basis for the claims asserted; (4)

1

plaintiffs are seeking significant relief from the local defendant; (5) the principal injuries occurred in the state in which the action was originally filed; and (6) no other class action asserting the same or similar allegations against any of the defendants had been filed in the preceding three years.

Here, the first and second factors are met as Mr. Button and at least one of the named John Does defendants are residents of New Jersey. Button also meets the third factor as the John Does' conduct forms a significant basis for the claims asserted – Button pleads that the John Does were officers, supervisors, regional directors, and or managers of Dollar General stores who were responsible for setting and implementing Dollar General's policies, procedures and practices regarding ensuring compliance with New Jersey state laws and regulations regarding merchandise pricing advertisements on its shelves and charging the advertised prices at the cash registers in Dollar General's New Jersey stores and the stores they each manage or supervise. As such, their conduct forms a "significant basis" for the claims asserted. Button likewise meets the fourth factor as he seeks "significant relief" from the John Does. In his complaint, he seeks declaratory, injunctive, and monetary relief in the form of statutory damages and attorneys' fees under the CFA and TCCWNA against the John Does. Button's complaint likewise asserts that the John Does are personally and directly liable to Plaintiff and the class members. The fifth factor is met as the principal injuries (the overcharging of advertised merchandise) as pled in Button's complaint

occurred in Dollar General's New Jersey stores, the state in which the action was brought. Last, the sixth factor is satisfied as no other class action asserting the same or similar allegations against any of the defendants had been filed in the three years preceding the filing of this complaint.

To the extent this court determines it cannot make the necessary determination based on the record before it to remand this matter back to state court,  Button seeks jurisdictional discovery to identify the unnamed John Does Defendants. In Button's Complaint, he identified these John Does as Defendants from whom significant relief is being sought. Mr. Button also served discovery demands upon Defendants simultaneous with the summons and complaint seeking the identification of the John Doe Defendants. Defendants did not provide the requested information and instead removed this matter.

## PROCEDURAL HISTORY

Plaintiff Ryan Button ("Button") filed the complaint in this matter on October 6, 2022 in the New Jersey Superior Court, Law Division, Monmouth County, Docket No. MON-L-005236-22. *See* Notice of Removal (Dkt. 1), ¶ 1 and Class Action Complaint and Jury Demand (Dkt. 1-1). On or about November 4, 2022, Button served his initial discovery demands (the "Discovery Demands"), along with the summons and complaint, on Defendants Dollar General Corporation, Dolgencorp, LLC, Todd Vasos, Jeff Owen, Steve Sunderland, and Emily Taylor (collectively, "Defendants").

3

*See* Declaration of Javier L. Merino ("Merino Decl."), ¶¶ 3-4 and Exhibit A. Through the Discovery Demands, Button requested, amongst other information, the full legal names and current or last known addresses of the John Does identified in the complaint., i.e., individuals who are or were officers, supervisors, regional directors, and or managers of Dollar General stores located in New Jersey during the Class Period referred to in the complaint. *See id.* On December 5, 2022, the defendants filed the Notice of Removal, alleging diversity jurisdiction under CAFA. (Dkt. 1). On December 28, 2022, the Defendants filed two separate motions to dismiss. (Dkt. 26 & 27). These motions are pending before the Court. Defendants will seek a stay of these motions pending the outcome of this motion. Button now moves for remand, or in the alternative, leave to conduct jurisdictional discovery, as the local controversy exception applies, requiring this court to remand this matter back to the Superior Court. Defendants did not respond to Button's discovery demands.

## STATEMENT OF FACTS

This action involves Defendants' policies and practices related to regularly charging Plaintiff and putative class members a higher price at the register than the price of merchandise advertised on the shelves at the time of sale at its from Dollar General stores in New Jersey, in violation of the New Jersey General Advertising Regulations, N.J.A.C. 13:45A-9.1, et seq. ("GA Regulations"); New Jersey Unit Price Disclosure Act Regulations, N.J.A.C. 13:45A-14.1, et seq. ("Price Disclosure

Regulations") Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. ("CFA"); and the Truth in Consumer Contract Notice and Warranty Act ("TCCWNA"), N.J.S.A. 56:12-14, et seq. *See* Dkt. 1-1, *generally*.

Defendants operate dollar stores that offer a variety of inexpensive merchandise, including home products, seasonal products, consumables, and apparel. *Id.* at ¶ 19. Its core customer category includes low-to-middle-income customers. *Id.* The company's stores are located in convenient locations that are easily accessible to its customers. *Id.* It follows a small-box format and the stores have an easy ''in and out'' shopping set-up. *Id.* As of March 2022, Defendants owned and operated approximately one hundred seventy-five (175) Dollar General stores in New Jersey, with more locations scheduled to open. *Id.* at ¶ 21.

Button regularly shops at the Dollar General store located in Keyport, New Jersey. *Id.* at ¶ 22. In early 2022, he began noticing discrepancies between the prices of merchandise advertised on the shelves and what he was charged at checkout. *Id.* at ¶ 23. From May through July 2022, Plaintiff made several purchases at the Keyport Dollar General store during which Dollar General charged him a higher price for its merchandise than advertised shelf price and documented the increase from the advertised price to what he was charged and paid at checkout. *Id.* at ¶ 23. Due to Plaintiff's experiences in being charged more at checkout than the advertised shelf price for merchandise, Plaintiff started to take pictures of the advertised prices to

document the advertised/shelf prices to compare them to what he was charged and paid at checkout. *Id.* at ¶ 25.

Button alleges that Defendants' conduct violates the GA Regulations, the Price Disclosure Regulations, the CFA, and TCCWNA. *Id.*, *generally*.

The GA regulations prohibit "the failure of an advertiser to substantiate through documents, records or other written proof any claim made regarding the....price of the advertised merchandise". Here, Defendants have violated the GA regulations at N.J.A.C. § 13:45A-9.2(a)(10) by charging consumers more than the price advertised on its unit price labels at Dollar General's New Jersey stores.

Similarly, the Price Disclosure Regulations mandate that corporations and entities engaged in the sale of consumer commodities disclose the unit and retail price of the same. Here, Defendants failed to properly disclose the actual retail price of its consumer goods in its unit price labels as the unit price labels understated the true retail price of the items charged to customers at Dollar General's stores in New Jersey.

Relatedly, Defendants' "advertisement of merchandise as part of a plan or scheme not to sell the item or service so advertised or not to sell the same at the advertised price is an unlawful practice and a violation of the [CFA]." N.J.S.A. 56:8-2.2.

By offering, displaying, and/or entering into form contracts and providing form notices to Button and the members of putative Class contrary to the GA Regulations,

the Price Disclosure Regulations and the CFA, Defendants also violated the Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14, *et seq.*

## PLAINTIFF'S CLAIMS AGAINST THE JOHN DOES DEFENDANTS

The Complaint names Defendants JOHN/JANE DOES 1-500 ("John Does") as fictitious names of individuals who are officers, supervisors, regional directors, and or managers of Dollar General stores located in New Jersey during the class period, alleged for the purpose of substituting their names for those of any additional defendants whose identity may be disclosed in discovery and should be made parties to this action. *See* Dkt. 1-1 at ¶ 12. The Complaint further pleads that the John Does are all employees of Dollar General who, at all times relevant to this matter, were responsible for setting and implementing Dollar General's policies, procedures and practices regarding ensuring compliance with New Jersey state laws and regulations regarding merchandise pricing advertisements on its shelves and charging the advertised prices at the cash registers in Dollar General's New Jersey stores and the stores they each manage or supervise. *Id.* at ¶ 13. Furthermore, the complaint alleges that most, if not all of the John Does reside in or are otherwise residents or citizens of New Jersey at all times relevant to this matter. *Id.* at ¶¶ 14-15. The Complaint asserts that the John Does are each personally and directly liable to Plaintiff and putative class members that purchased items in the stores where they were responsible for setting

and implementing Dollar General's policies, procedures and practices regarding ensuring compliance with New Jersey state laws and regulations regarding merchandise pricing advertisements on its shelves and charging the advertised prices at the cash registers due to their violations of the consumer statutes and regulations pleaded herein. *Id.* at ¶ 16. Last, the Plaintiff, on behalf of himself and the putative class seeks significant relief directly from the John Does, both collectively and individually, in the form of treble damages, statutory damages , injunctive relief, and attorneys' fees. *Id.* at "PRAYER FOR RELIEF".

## CLASS COMPOSITION AS STATED IN THE REMOVAL NOTICE

In the Notice of Removal, Defendants allege that CAFA jurisdiction applies. However, the Notice of Removal fails to allege that none of the exceptions to CAFA jurisdiction apply.

## ARGUMENT

## I.     Background on the Class Action Fairness Act

In February 2005, Congress enacted The Class Action Fairness Act (CAFA). CAFA establishes federal jurisdiction over class actions where there is minimal diversity of citizenship, at least 100 class members, and the aggregate amount in controversy exceeds $5,000,000.00. 28 U.S.C. § 1332(d)(2)(A). A defendant may remove a putative class action filed in state court if it meets these requirements. 28 U.S.C. § 1441(a). However, the local controversy exception to CAFA jurisdiction, at

issue here, requires a district court to decline to exercise jurisdiction under CAFA over a class action involving a uniquely local controversy. 28 U.S.C. § 1332(d)(4)(A).

To this end, the statute includes a mandatory exception to federal subject matter jurisdiction, known as the "local controversy" exception. 28 U.S.C. § 1332(d)(4)(A)-(B).

The local controversy exception to CAFA jurisdiction requires a court to decline to exercise jurisdiction over a class action where the following six requirements are met: (1) greater than two-thirds of the putative class are citizens of the state in which the action was originally filed; (2) at least one defendant is a citizen of the state in which the action was originally filed (the "local defendant"); (3) the local defendant's conduct forms a significant basis for the claims asserted; (4) plaintiffs are seeking significant relief from the local defendant; (5) the principal injuries occurred in the state in which the action was originally filed; and (6) no other class action asserting the same or similar allegations against any of the defendants had been filed in the preceding three years. 28 U.S.C. § 1332(d)(4)(A); *see also Vodenichar v. Halcón Energy Props.*, 733 F.3d 497, 506-07 (3d Cir. 2013).

Removal is strictly construed, and all doubts are resolved in favor of remand. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). The party seeking to invoke an exception bears the burden of proving by a preponderance of the evidence that the exception applies. *Kaufman v. Allstate New Jersey Insurance*

*Co.*, 561 F.3d 144, 153-54 (3d Cir. 2009).

## II. Background on Button's CFA and TCCWNA Claims

### A.    The Elements of a CFA Claim.

The John Doe defendants are subject to the New Jersey Consumer Fraud Act because they fall within the definition of a "person" that sold or advertised "merchandise," specifically Dollar General's products to Plaintiff and the class members.  N.J.S.A. 56:8-1(d).  The CFA further states that:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice…."

[*N.J.S.A.* 56:8-2].

The New Jersey Supreme Court has repeatedly held that the CFA is to "be applied broadly in order to accomplish its remedial purpose, namely, to root out consumer fraud."  *Lemelledo v. Beneficial Mgmt. Corp. of Am.*, 150 N.J. 255, 264 (1997); *see also Gonzalez v. Wilshire Credit Corp.*, 207 N.J. 557, 576 (2011). The Act is therefore to be liberally construed in favor of the consumer.  *Cox v. Sears, Roebuck & Co.*, 138 N.J. 2, 15 (1994); *D'Agostino v. Maldonado*, 216 N.J. 168, 183 (2013)

("We construe the CFA in light of its objective to greatly expand protections for New Jersey consumers") (quotation omitted). The "history of the Act is one of constant expansion of consumer protection." *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 604 (1997). The Appellate Division has "deem[ed] it [the court's] responsibility to construe the Act broadly, not in a crabbed fashion." *New Mea Construction Corporation v. Harper*, 203 N.J. Super. 486, 502 (App. Div. 1985).

The violation of a regulation promulgated pursuant to the CFA, such as the GA Regulations and Price Disclosure Regulations, constitutes a per se violation of the CFA itself. *Cox*, 138 N.J. at 18 ("…the regulations impose strict liability for such violations.").  Where the alleged unlawful practice is based upon a regulatory violation, "[a] showing of intent is not essential," *Dugan v. TGI Friday's Inc.*, 231 N.J. 24, 51 (2017). Thus, New Jersey's courts have enforced the CFA regulations strictly, even when the regulatory violation was "innocent, technical and committed in good faith." *Scibek v. Longette,* 339 N.J. Super. 72, 80 (App. Div. 2001) (citing *Huffmaster v. Robinson*, 221 N.J. Super. 315, 322 (Law Div. 1986)). "When viewed as part of the general scheme of the [CFA], the regulations should be liberally construed in favor of the consumer."  *Levin*, 179 N.J. Super. at 200.

### B.    Individual Liability under the CFA

Under CFA case law, there is no need to "pierce the corporate veil" in order to hold executives of corporations or LLCs liable for their direct conduct. Rather,

owners, officers, and employees of a corporation can be held individually liable for their actions under the CFA if they commit "an affirmative act or a knowing omission that the CFA has made actionable." *Allen v. V & A Bros., Inc.*, 208 N.J. 114, 131-32 (2011). "[T]here can be no doubt that the CFA broadly contemplates imposition of individual liability." *Id.* at 130. "[I]ndividual liability for a violation of the CFA will necessarily depend upon an evaluation of both the specific source of the claimed violation that forms the basis for the plaintiff's complaint as well as the particular acts that the individual has undertaken." *Id.* at 136.  "[I]ndividual liability for regulatory violations ultimately must rest on the language of the particular regulation in issue and the nature of the actions undertaken by the individual defendant."  *Id.* at 133. Corporate principals and managers "may be broadly liable, for they are the ones who set the policies that the employees may be merely carrying out." *Id.* at 134.  The Court went on to caution that the issue of individual liability is fact sensitive and should not generally be decided by dispositive motion:

> These necessarily fact-sensitive determinations often will not lend themselves to adjudication on a record presented in the form of a summary judgment motion. Indeed, as this dispute demonstrates, a trial court may need to await presentation of all of plaintiff's proof about the potential individual liability of corporate officers or employees before there is an adequate record to support a decision. That, however, does not suggest that there will never be a ground on which to conclude that individual claims cannot proceed. Instead, once an adequate record is developed and the evidence assembled, if a trial court concludes that the proofs fail to demonstrate a sufficient basis for imposition of individual liability, the court could direct a verdict in favor of one or more of the individually-named defendants.

*Allen* at 443. Plaintiff has plead in the complaint that the John Does are the Dollar General employees who were responsible for setting and implementing Dollar General's policies, procedures and practices regarding ensuring compliance with New Jersey state laws and regulations regarding merchandise pricing advertisements on its shelves and charging the advertised prices at the cash registers in Dollar General's New Jersey stores and the stores they each manage or supervise. *See* Dkt. 1-1, at ¶ 13. As "the ones who set the policies that the employees may be carrying out", the John Doe defendants are subject to individual liability. *Allen*, 208 N.J. at 134.

## III. The Complaint Meets the Local Controversy Exception Under 28 USC 1332

### A.      Plaintiff and the Putative Class are Residents of New Jersey and at Least One John Doe is a Local Defendant

The first element of the local controversy exception is met as this matter was filed in New Jersey, *see pg. 1 of Dkt. 1-1*, and **all** members of the putative class are citizens of New Jersey. *See pg. 9 of Dkt. 1-1.* The putative class is defined to include only individuals who are New Jersey resident consumers, i.e. "All persons who resided in New Jersey who,…". *See id..* "Members of the putative class who are natural persons are deemed citizens of the state in which they are domiciled, which is typically the state where the person lives." *Vodenichar*, 733 F.3d at ft. nt. 2 (*citing Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)). The plain meaning of Plaintiffs' class definition is that the putative class includes only individuals who were New Jersey citizens at the time the Class Action Complaint was

13

filed. *See* 28 U.S.C. §1332(d)(7) ("Citizenship of the members of the proposed plaintiff classes shall be determined…as of the date of filing of the complaint or amended complaint…"). As all of the putative class members are citizens of New Jersey, the requirement under the local controversy exception that at least two-thirds of putative class be citizens of the state where the matter was originally filed is clearly met.

The second element of the local controversy exception has been satisfied as at least one of the John Does is a citizen of New Jersey. In assessing whether a defendant is a "local defendant", the court will look at whether the defendant is a party with a "real interest in the litigation." *Walsh v. Defs., Inc.*, 894 F.3d 583, 589 (3d. Cir. 2018) (internal quotations omitted). In assessing this prong, a district court must consider the citizenship of defendants who are "real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980). "Thus, a federal court must disregard nominal or formal parties," *id*. at 461, "and can base its jurisdiction only upon the citizenship of parties with 'a real interest in the litigation,'" *SmithKline Beecham*, 724 F.3d at 358 (quoting *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991)). "By contrast, a party who will be liable on an adverse judgment is not a nominal party." *Glastein v. CareFirst Blue Cross Blue Shield*, Civ. A. No. 18-9664, 2019 U.S. Dist. LEXIS 52746, at *4 (D.N.J. Mar. 28, 2019); *see also Minardi Consulting, Inc. v. Anderson*, No. 2:22-cv-00071 (BRM) (JSA), 2022 U.S. Dist.

LEXIS 137737, at *10 (D.N.J. Aug. 3, 2022) (finding potential liability in an action to satisfy the "real interest" standard).

Here, most, if not all of the John Does reside in or are otherwise residents or citizens of New Jersey at all times relevant to this matter. *See* Dkt. 1-1, at , at ¶¶ 14-15. The John Doe defendants have an interest in the litigation as they are subject to liability for monetary and injunctive relief under the GA Regulations, PD Regulations, CFA, and TCCWNA on an adverse judgment. *See id.*, at Prayer for Relief. Thus, at least one John Doe is a "local defendant".

## B.    At least One John Doe's Conduct Forms a Significant Basis for the Class Claims

The third element of the local controversy exception requires that the class action include at least one local defendant "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb). A court must solely rely on the pleadings to evaluate the significant relief factor under the local controversy exception. *Vodenichar* , 733 F.3d at 503 n.1 (citing *Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1015-17 (9th Cir. 2011)).

Here, the third prong of the local controversy exception is met as the John Does' "alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb). A court must analyze the

significance of a defendant's conduct in relation to that of the other defendants in light of the plain meaning of the word "significant." *See Kaufman*, 561 F.3d 144, 157 (defining "significant" as "important, notable") (quoting Oxford English Dictionary (2d ed. 1989)). The local controversy exception does not require that the local defendant's conduct be the most significant conduct or that it predominates over claims against other defendants. *Walsh*, 894 F.3d at 592. This factor does not require that each class member assert a claim against that local defendant or that the local defendant's alleged conduct form the basis of every claim asserted. *Vodenichar v. Halcón Energy Props.*, 733 F.3d 497, 507 n.8 (3d Cir. 2013) (citing *Kaufman*, 561 F.3d at 155). Instead, "[t]he local defendant's alleged conduct must be an important ground for the asserted claims in view of the alleged conduct of all the Defendants." *Kaufman*, 561 F.3d at 157. A court must solely rely on the pleadings to evaluate the significant basis of the claims factor under the local controversy exception. *Vodenichar*, 733 F.3d at 503 n.1 (citing *Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1015-17 (9th Cir. 2011)).

Here, the John Doe defendants alleged conduct forms a significant basis for the claims asserted by Button as "the allegations against [John Does] are integral to the Complaint as a whole". *Mark v. Homeserve United States Corp.*, No. 19-20505, 2020 U.S. Dist. LEXIS 267697, at *13 (D.N.J. July 2, 2020). Button pleads that the John Does were responsible for setting and implementing Dollar General's policies,

16

procedures and practices regarding ensuring compliance with New Jersey state laws and regulations regarding merchandise pricing advertisements on its shelves and charging the advertised prices at the cash registers in Dollar General's New Jersey stores and the stores they each manage or supervise. *See* Dkt. 1-1 at ¶ 13.  As the employees responsible for setting Dollar General's policies, they, along with the corporate entities, are subject to individual liability under the CFA. *Allen*, 208 N.J. at 134.

In Count Two of Buttons' complaint, he contends that Defendants violated the GA Regulations by charging consumers more than the price advertised on its unit price labels at Dollar General's New Jersey stores. *See* Dkt. 1-1, at ¶¶ 64-77. In Count Three of Button' Complaint, he pleads that the Defendants failed to properly disclose the actual retail price of its consumer goods in its unit price labels as the unit price labels understated the true retail price of the items charged to customers at Dollar General's stores in New Jersey, in violation of the PD Regulations. *See id.* at ¶¶ 78-89. The John Does, as the individuals responsible for setting and implementing Dollar General's policies, procedures and practices regarding compliance with New Jersey state laws and regulations regarding merchandise pricing advertisements on its shelves and charging the advertised prices at the cash registers in Dollar General's New Jersey stores and the stores they each manage or supervise, "took actions that form the significant basis for this matter." *Kelly v. Verizon Pa.*, LLC, No. 16-5672, 2019 U.S.

Dist. LEXIS 22382, at *29 (E.D. Pa. Feb. 11, 2019). *See* Dkt. 1-1, at ¶ 11. As such, each John Does' "alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb).

## C. Plaintiff is Seeking Significant Relief from at least One John Doe Defendant

The fourth element of the local controversy exception is met in this matter as Plaintiff is seeking significant relief from the local John Does defendants.

In *Walsh*, the plaintiff sought monetary relief for the class pursuant to New Jersey Court Rule 4:32-1(b)(3); statutory damages under the TCCWNA; declaratory, injunctive, and monetary relief for the subclass comprised of class members whose contracts were terminated early; treble damages under the NJCFA; and reasonable fees, costs, and interest. *Walsh*, 894 F.3d at 592. There, the Third Circuit determined "these requests for relief collectively constitute "significant relief" for purposes of the local controversy exception." *Id.*

Here, Button likewise seeks monetary relief for the class against the John Does pursuant to <u>Rule</u> 4:32-1(b)(3). *See* Dkt. 1-1, p. 22, Prayer for Relief at ¶ (k). Button also seeks statutory damages under the TCCWNA (*id.* ¶ (r)), and declaratory, injunctive, and monetary relief for the class composed of class members who were overcharged; treble damages under the NJCFA; and reasonable fees, costs, and interest. *See id.* at ¶ (k) - (w). Thus, pursuant to *Walsh*, Button's requests for relief

against the John Doe defendants constitute "significant" relief for purposes of the local controversy exception. *Walsh*, 894 F.3d at 592.

Based on the specific class definition provided in this matter, it is clear that the principal injuries resulting from the conduct of local defendants were "incurred in New Jersey, the state in which the case was originally filed". See 28 U.S.C. §1332(d)(4)(A)(i)(III). The class definition limits the putative class to **New Jersey resident consumers** who purchased goods and merchandise from **Dollar General stores located in New Jersey**. *See* pg. 9 of Dkt. 1-1 (emphasis added). As all putative class members are citizens of New Jersey and the unlawful acts complained of relate to Dollar General stores located in New Jersey, it is clear that all injuries stemming from such unlawful acts also took place in New Jersey. *See Vodenichar*, 733 F.3d at 508. The fifth element of the local controversy exception, therefore, has been satisfied.

The sixth element of the local controversy exception is satisfied because no other class action asserting the same or similar allegations against any of the defendants have been filed in the three years prior to the filing of Mr. Button's complaint. *See* Merino Dec., ¶ 9. Therefore, as all of the elements necessary to demonstrate that the local controversy exception applies have been met, it is respectfully submitted that this Court should remand this matter back to New Jersey Superior Court.

**IV.    If This Court Determines the Record is Insufficient to Remand, it Should Order Jurisdictional Discovery**

The party seeking to invoke a[] [CAFA] exception bears the burden of proving by a preponderance of the evidence that the exception applies." *Vodenichar*, 733 F.3d at 503; *See Roche v. Aetna Health Inc.*, 2014 U.S. Dist. LEXIS 43239, *10.  Because the evidentiary record will often be underdeveloped in the early stages of a litigation when such jurisdictional challenges are typically presented, the court must "assist the plaintiff by allowing jurisdictional discovery" when necessary – unless the assertion that a CAFA exception applies is "clearly frivolous." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003). When a party's claims appear to fall within one of the exceptions to CAFA jurisdiction, but there is not enough information before the Court for it to determine whether an exception applies, "it is appropriate to allow the parties to engage in jurisdictional discovery." *Canseven v. Just Pups, LLC*, No. 15-5633, 2015 U.S. Dist. LEXIS 123223, at *6 (D.N.J. Sep. 16, 2015). "[T]he District Court 'has considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction.'" *Judon*, 773 F.3d at 509. "Information available in discovery may help moor both sides' intuitions in the available data." *Lee v. Cent. Parking Corp.*, 2015 U.S. Dist. LEXIS 96516, at *4 (D.N.J. July 24, 2015).

The allegations in Button's complaint are supported by Dollar General's own job advertisements. For example, Dollar General's job posting for an Assistant Manager position in the very Keyport Dollar General store which Button shopped at

indicates that the assistant manager's "duties and essential job functions" include "providing adequate training for employees", "ensuring employee compliance with company policies and procedures", and "follow[ing] company work processes to manage merchandise". *See* Merino Decl., at ¶ 11 and Exh. B. Meanwhile, Dollar General's job posting for a Store Manager in Camden, New Jersey indicates the Store Manager's responsibilities include "[e]nsure that all merchandise is presented according to established practices", "Recruit, select and retain qualified employees according to federal and state labor laws and company policies", "provide proper training for employees", and "Ensure the financial integrity of the store". *See* Merino Decl., at ¶ 12 and Exh. C. Meanwhile, a retail district manager job posting based in Saddle Brook, New Jersey identifies the retail district manager's responsibilities as "Plan and lead the activities of all stores within the assigned area of operation, including full profit and loss responsibility, while acting within the scope of company objectives and policies to accomplish divisional and regional goals" and "[ensure that] [a]ll tools are effectively utilized in each store and market resulting in superior inventory presentation and management." *See* Merino Decl., at ¶ 12 and Exh. D. As noted above, "employees and officers of a corporation may be found to bear individual liability to consumers." *Allen*, 208 N.J. at 136. Thus, Button's allegations that the John Does can be individually liable under the CFA and that they form a significant basis of Button's class claims from which he seeks significant relief are not "clearly

frivolous" and as such Button should be permitted jurisdictional discovery.) *Toys "R" Us, Inc.*, 318 F.3d at 456.

Thus, if the Court desires more specific information as to the identities of the John Doe defendants in order to ascertain whether this matter should be remanded under the "local controversy" exception, it should order the parties to engage in limited jurisdictional discovery on this issue. It would be a simple matter to, with a few clicks of a computer mouse, search Dollar General's employment database to obtain the necessary information to determine the identities and residence of the John Does. Button already sought this information when he commenced the action in state Court. Defendants just need to respond to the *already* served discovery demands. *See* Merino Decl., at ¶¶ 3-5 and Exh. A. Moreover, because Defendants are corporations, "jurisdictional discovery [is] particularly appropriate." *Roche v. Aetna Health Inc.*, Civil Action No. 13-3933, 2014 U.S. Dist. LEXIS 43239, at *11 (D.N.J. Mar. 31, 2014) (citing *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983)).

## IV.   CONCLUSION

Plaintiff has met his burden to invoke the local controversy exception under CAFA as Plaintiff is a citizen of New Jersey, at least one John Doe is a citizen of New Jersey, at least one John Doe's conduct forms a significant basis for the claims asserted, Button seeks significant relief against the John Does, the principal injuries

occurred in New Jersey, and no other class action asserting the same or similar allegations against any of the Defendants has been filed in the preceding three years. Therefore, Button respectfully requests that this matter be remanded to the New Jersey Superior Court. To the extent this Court determines that additional information is required as to the identities of the John Does, it should permit Button leave to conduct jurisdictional discovery.

Respectfully submitted,

/s/ Javier L. Merino
Javier L. Merino
THE DANN LAW FIRM, PC

**Dated**: January 16, 2023

23