**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RYAN BUTTON, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR GENERAL CORPORATION *et al.*,<br><br>Defendants. | Civil Action No. 22-7028 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Ryan Button's ("Plaintiff") Motion to Remand, pursuant to the "local controversy" exception, 28 U.S.C. § 1332(d)(4)(A), to the Class Action Fairness Act of 2005 ("CAFA"), or in the Alternative, for Jurisdictional Discovery. (ECF No. 33.) Defendants Dollar General Corporation, Dolgencorp, LLC d/b/a Dollar General, Todd Vasos, Jeff Owen, Steve Sunderland, and Emily Taylor (collectively, "Defendants") jointly opposed (ECF No. 38), and Plaintiff replied (ECF No. 45). The Court has considered the parties' written submissions and decides the Motion without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth herein, Plaintiff's Motion to Remand, or in the Alternative, for Jurisdictional Discovery, is denied.

**I.     BACKGROUND**

   **A.     The Parties**

Defendant Dollar General Corporation ("DGC") is a Tennessee corporation with its principal place of business in Goodlettsville, Tennessee. (*See* Compl. ¶ 6, ECF No. 1-1.)

Defendant Dolgencorp, LLC d/b/a Dollar General ("Dolgencorp"), which is organized under the laws of Kentucky and similarly based in Goodlettsville, Tennessee, is a DGC subsidiary that operates stores trading as "Dollar General" in the State of New Jersey. (*See* Notice of Removal ¶ 24, ECF No. 1; Compl. ¶ 5.) Defendant Todd Vasos is the Chief Executive Officer of DGC and is a member of its Board of Directors. (Compl. ¶ 7.) Defendant Jeff Owen is the Chief Operating Officer of DGC. (*Id.* ¶ 8.) Defendant Steve Sunderland is the Executive Vice President of Store Operations of DGC. (*Id* ¶ 9.) Defendant Emily Taylor is the Executive Vice President and Chief Merchandising Officer of DGC. (*Id.* ¶ 10.) Vasos, Owen, Sunderland, and Taylor are all citizens of Tennessee. (*See* Notice of Removal ¶ 24.) Plaintiff is a New Jersey citizen, residing in Cliffwood Beach, New Jersey. (Compl. ¶ 4.)

      **B.**    **Plaintiff's Transactions with Dollar General**

Plaintiff regularly shops at the Dollar General store located at 228 NJ-35, Keyport, New Jersey 07735 ("Dollar General Keyport"). (*Id.* ¶ 22.) In early 2022, Plaintiff noticed some discrepancies between the prices of merchandise displayed on the store shelves and what was charged at checkout. (*Id.* ¶ 23.) For this reason, Plaintiff began to document the prices displayed on the store shelves compared to what he was actually charged. (*Id.* ¶¶ 25, 29.) From May 2022 through July 2022, Plaintiff made several purchases at Dollar General Keyport where he was allegedly charged a higher price for certain items than the shelf price on display. (*Id.* ¶ 30.) The alleged pricing discrepancies included: a collective overcharge of $1.30 for three separate items on June 16; an overcharge of $0.25 for a single item on June 21; an overcharge of $0.05 for a single item on June 23; a collective overcharge of $1.05 for three separate items on June 28; and a collective overcharge of $0.85 for two separate items on July 1. (*Id.*)

2

### C. Class Allegations

According to Plaintiff, "[i]t is Defendants' policy and practice to charge a higher price at the register for merchandise than the price advertised on the unit price labels for the same merchandise on the shelves" at Dollar General stores in New Jersey, and "Defendants used the same procedures that they employed in charging a higher price than advertised to Plaintiff when selling the same and/or similar merchandise to numerous other New Jersey consumers." (*Id.* ¶¶ 31, 33.) As such, Plaintiff seeks to represent a class of consumers defined as: "All persons who resided in New Jersey on the date this [C]omplaint was filed, who at any time on or after the day six years prior to the date on which this Complaint was filed, [sic] purchased merchandise at a Dollar General store located in New Jersey." (*Id.* ¶ 34.) Plaintiff also sets forth a subclass, defined as: "All members of the Class who paid more for merchandise than the advertised price labeled on the shelf at [a] Dollar General store located in New Jersey." (*Id.*)

### D. Procedural History

Plaintiff filed the putative class action lawsuit on October 6, 2022, in the Superior Court of New Jersey, Law Division, Monmouth County, asserting four causes of action against Defendants: (I) declaratory judgment under N.J. Stat. Ann. § 2A:16-50, *et seq.* as to violations of New Jersey consumer protection laws; (II) violations of the General Advertising Regulations (the "GA Regulations"), N.J. Admin. Code § 13:45A-9.1, *et seq.*, and the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-1, *et seq.*; (III) violations of the Unit Price Disclosure Regulations (the "PD Regulations"), N.J. Admin. Code § 13:45A-14.1, *et seq.*, and the NJCFA; and (IV) violations of the Truth-in-Consumer Contract, Warranty, and Notice Act ("TCCWNA"), N.J. Stat. Ann. § 56:12-14, *et seq.* (Compl. ¶¶ 48–112.) Defendants removed the action to this Court pursuant to CAFA on December 5, 2022. (*See generally* Notice of Removal.)

On December 27, 2022, Defendants filed two separate Motions to Dismiss—one as to the claims against Vasos, Owen, Sunderland, and Taylor, and one as to the claims against DCG and Dolgencorp. (Mots. to Dismiss, ECF Nos. 26, 27.) Plaintiff subsequently filed a Motion to Remand on January 16, 2023. (Pl.'s Moving Br., ECF No. 33-1.) Upon the request of the parties, the Court stayed the Motions to Dismiss pending the disposition of Plaintiff's Motion to Remand. (Ltr. Order, ECF No. 36.) Defendants then jointly opposed the Motion to Remand. (Defs.' Opp'n Br., ECF No. 38.) Plaintiff replied. (Pl.'s Reply Br., ECF No. 45.)

## II. **LEGAL STANDARD**

The federal removal statute, 28 U.S.C. § 1441, states that unless "otherwise expressly provided by . . . Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A plaintiff can move to remand a case removed to a federal court where the court lacks subject matter jurisdiction or removal was otherwise improper. 28 U.S.C. § 1447(c).

"CAFA provides federal courts with jurisdiction over civil class actions if the 'matter in controversy exceeds the sum or value of $5,000,000,' the aggregate number of proposed class members is 100 or more, and any class member is a citizen of a state different from any defendant." *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 503 (3d Cir. 2013) (citing 28 U.S.C. §§ 1332(d)(2), (d)(2)(A), (d)(5)(B)). The party seeking removal pursuant to CAFA is required "to demonstrate federal jurisdiction." *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) (citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)). Where the threshold jurisdictional requirements under CAFA are satisfied, however, the burden is on the party seeking remand to show the applicability of any exception to CAFA, including the local controversy

4

exception, 28 U.S.C. § 1332(d)(4)(A). *See id.* at 153–54. "Courts may consider pleadings as well as evidence that the parties submit to determine whether subject matter jurisdiction exists or an exception thereto applies." *Vodenichar*, 733 F.3d at 503 n.1.

### III.  DISCUSSION

Plaintiff argues that remand is warranted pursuant to the local controversy exception to CAFA. (*See generally* Pl.'s Moving Br.) According to Plaintiff, the local controversy exception applies because the putative class includes only individuals who are New Jersey residents and because at least one of the John Doe defendants, defined as officers, supervisors, regional directors, or managers at Dollar General stores in New Jersey by the Complaint, is a New Jersey citizen whose conduct forms a significant basis for the claims asserted and from whom significant relief is sought. (*See id.* at 13–19.) Alternatively, Plaintiff seeks jurisdictional discovery as to the identities and residences of the John Does. (*See id.* at 20–22.)

In opposition, Defendants contend that Plaintiff has failed to demonstrate the applicability of the local controversy exception. (*See generally* Defs.' Opp'n Br.) Defendants highlight that the exception requires Plaintiff to have presently named a local defendant and that the John Doe placeholders are insufficient. (*See id.* at 2, 11–14.) As such, Plaintiff cannot show that his lawsuit involves a local defendant whose conduct forms a significant basis for the claims asserted and from whom significant relief is sought. (*See id.* at 11–23.) Defendants further argue that Plaintiff's putative class action is not truly a local controversy as Plaintiff's counsel has filed virtually identical cases in other jurisdictions and that Plaintiff has not properly set forth evidence that the putative class consists of more than two-thirds New Jersey citizens. (*See id.* at 8–11, 24–27.) Additionally, Defendants oppose Plaintiff's request for jurisdictional discovery, asserting that the

requested discovery will not cure Plaintiff's failure to establish the local defendant requirements under the local controversy exception. (*See id.* at 28–34.)

### A. The "Local Controversy" Exception to CAFA

"Even if a federal court has jurisdiction under CAFA, it must decline to exercise that jurisdiction if the class action involves a local controversy."[1] *McLaren v. UPS Store Inc.*, 32 F.4th 232, 241 (3d Cir. 2022); *see* 28 U.S.C. § 1332(d)(4)(A). "[T]he party seeking remand has the burden of showing that the local controversy exception applies." *Kaufman*, 561 F.3d at 154. To invoke this exception, the moving party must show:

> (1) greater than two-thirds of the putative class are citizens of the state in which the action was originally filed; (2) at least one defendant is a citizen of the state in which the action was originally filed (the "local defendant"); (3) the local defendant's conduct forms a significant basis for the claims asserted; (4) plaintiffs are seeking significant relief from the local defendant; (5) the principal injuries occurred in the state in which the action was originally filed; and (6) no other class action asserting the same or similar allegations against any of the defendants had been filed in the preceding three years.

---

[1] Plaintiff does not dispute that Defendants established a *prima facie* basis for removal under CAFA. The Court is similarly satisfied that CAFA's threshold jurisdictional requirements are met. "In removal cases, [courts] begin evaluating jurisdiction by reviewing the allegations in the complaint and in the notice of removal." *Kaufman*, 561 F.3d at 151. Defendants' Notice of Removal indicates that Plaintiff and Defendants are citizens of different states, and that Plaintiff seeks to represent a class which may consist of "tens or hundreds of thousands of consumers." (*See* Notice of Removal ¶¶ 20, 21–25.) The Notice of Removal also asserts that the amount in controversy exceeds $5,000,000 and explains the basis for this contention in detail. (*See id.* ¶¶ 26-40.) Notably, Plaintiff does not specify an amount in controversy in the Complaint but seeks, among other things, actual damages, treble damages, disgorgement, and statutory civil penalties under New Jersey law on behalf of himself and the putative class. (*See id.* ¶ 29.) "[W]hen relevant facts are not in dispute . . . the legal-certainty test applies." *Kaufman*, 561 F.3d at 151 (internal quotation marks and citation omitted). "Under the legal-certainty test, federal jurisdiction exists unless it appears, to a legal certainty, that the plaintiff was never entitled to recover the jurisdictional amount." *Id.* Because Plaintiff's Complaint purports to implicate thousands of Dollar General customers in New Jersey and seeks various categories of damages and statutory penalties on their behalf, the Court finds that, pursuant to the legal-certainty test, federal jurisdiction exists under 28 U.S.C. § 1332(d)(2).

6

*Vodenichar*, 733 F.3d at 506–07 (citing 28 U.S.C. § 1332(d)(4)(A)).

Here, Plaintiff fails to demonstrate the requisite elements of the local controversy exception. Strikingly, none of the defendants currently named in this action are citizens of New Jersey. The two defendant corporate entities, DCG and Dolgencorp, LLC, are citizens of Tennessee. (*See* Compl. ¶¶ 5–6; ECF Nos. 22, 23.) And the individual corporate officers who Plaintiff has named as defendants are similarly Tennessee citizens. (*See* Notice of Removal ¶ 24; ECF Nos. 14, 15, 16, 17.) As such, Plaintiff's lawsuit lacks a named local defendant, let alone a local defendant whose conduct forms a significant basis for the conduct asserted and from whom significant relief is sought. *See Vodenichar*, 733 F.3d at 506–07.

In response to this crucial deficiency, Plaintiff repeatedly argues that the local defendant requirement is satisfied because "at least one of the John Does is a citizen of New Jersey." (Pl.'s Moving Br. 14; Pl.'s Reply Br. 4–5.) However, "the local controversy exception requires consideration of the defendants presently in the action." *Kaufman*, 561 F.3d at 153; *see also Quicken Loans Inc. v. Alig*, 737 F.3d 960, 966 (4th Cir. 2013) (finding that "class of unnamed defendant appraisers is not a party to this lawsuit," and thus "it was improper for the district court to consider them" in evaluating local controversy exception). And "the Court may not consider the unnamed John Doe defendants in this inquiry, as they are not yet parties to this action." *Garcia v. Tempoe, LLC*, No. 17-2106, 2017 WL 6521372, at *4 (D.N.J. Nov. 15, 2017), *report and recommendation adopted by*, 2017 WL 6514148 (D.N.J. Dec. 19, 2017). Indeed, this conclusion is consistent with the general removal principle that "the citizenship of defendants sued under fictitious names shall be disregarded" for diversity purposes. 28 U.S.C. § 1441(b)(1); *see Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1235 (10th Cir. 2006) (collecting cases and holding that "the citizenship of 'John Doe' defendants should be disregarded when considering the

7

propriety of removal under 28 U.S.C. §§ 1441(a) and 1332"). Notably, Plaintiff fails to cite any authority holding that a John Doe can satisfy the local defendant requirement under 28 U.S.C. 1332(d)(4)(A)(i)(II). For this reason, Plaintiff cannot demonstrate the applicability of the local controversy exception. Remand is, therefore, unwarranted.[2] Further, as discussed in more detail below, even if Plaintiff ascertains the identities of the John Does via discovery, Plaintiff will be unable to show that any one of the John Does, all of whom are purportedly Dollar General employees at New Jersey stores, is "significant" under the local controversy exception.

**B.     Jurisdictional Discovery**

In the alternative, Plaintiff requests jurisdictional discovery, stating that "if the Court desires more specific information as to the identities of the John Doe defendants in order to ascertain whether this matter should be remanded under the 'local controversy' exception, it should order the parties to engage in limited jurisdictional discovery on this issue." (Pl.'s Moving Br. 22.) According to Plaintiff, "[i]t would be a simple matter to, with a few clicks of a computer mouse, search Dollar General's employment database to obtain the necessary information to determine the identities and residence[s] of the John Does." (*Id.*) Importantly, however, discovery pertaining to the identities and residences of the John Does will not salvage Plaintiff's failure to demonstrate that the conduct of any such individual forms a "significant basis" for the claims asserted, as required by the local controversy exception. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II). Thus, jurisdictional discovery would be futile.

---

[2] The parties also dispute, among other things, whether Plaintiff has sufficiently demonstrated that greater than two-thirds of the putative class are New Jersey citizens. The Court, however, need not reach such issues here, as Plaintiff's failure to show any one of the several elements of the local controversy exception precludes its applicability. *See Vodenichar*, 733 F.3d at 506–07.

The "significant basis" element of the exception "requires that the class action include at least one local defendant 'whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class.'" *Kaufman*, 561 F.3d at 154 (quoting 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb)). Under this requirement, "[t]he local defendant's alleged conduct must be an *important* ground for the asserted claims in view of the alleged conduct of all the [d]efendants." *Id.* at 157 (emphasis in original). "Whether this condition is met requires a substantive analysis comparing the local defendant's alleged conduct to the alleged conduct of all the [d]efendants." *Id.* at 156. "The focus is on the conduct in which the local defendant allegedly engaged and the alleged number of people impacted by it." *Vodenichar*, 733 F.3d at 507 n.8.

Here, Plaintiff alleges[3] that the John Does "are all employees of Dollar General who, at all times relevant to this matter, were responsible for setting and implementing Dollar General's policies, procedures and practices regarding ensuring compliance with New Jersey state laws and regulations regarding merchandise pricing advertisements on its shelves and charging the advertised prices at the cash registers in Dollar General's New Jersey stores." (Compl. ¶ 13.) Similarly, Plaintiff also alleges that Defendants Todd Vasos, Jeff Owen, Steve Sunderland and Emily Taylor are "responsible" for precisely the same. (*Id.* ¶ 11.) Plaintiff further alleges that "[i]t is Defendants' policy and practice to charge a higher price at the register for merchandise than the price advertised on the unit price labels for the same merchandise on the shelves in DOLLAR GENERAL's New Jersey stores." (*Id.* ¶ 33.) Based on these allegations, it is clear that that the conduct of any single John Doe does not form a significant basis for the claims asserted. Plaintiff

---

[3] The Third Circuit has emphasized that the focus of courts' inquiries regarding the significant basis provision "must be the alleged conduct," *Kaufman*, 561 F.3d at 157, highlighting that information revealed through jurisdictional discovery would have little or no import to the Court's analysis of this element.

expressly states that the named corporate officer defendants are responsible for pricing policies at Dollar General stores in New Jersey. (*See id.* ¶ 13.) The alleged conduct of the John Does is, therefore, hardly significant in comparison given the identical alleged conduct further up the corporate hierarchy. Moreover, given the alleged conduct of the named corporate officers, the number of people impacted by the actions of an individual John Doe, as defined by Plaintiff in the Complaint, will necessarily pale in comparison.

The same is true when considering the alleged conduct of the corporate entity defendants. The thrust of Plaintiff's class action suit is that Defendants have a "policy and practice to charge a higher price at the register for merchandise than the price advertised on the unit price labels for the same merchandise on the shelves." (*Id.* ¶ 33.) As Plaintiff admits, the John Does are merely "employees of Dollar General." (*Id.* ¶ 13.) They are not alleged "to have acted independently from the other defendants," but rather pursuant to a corporate policy and practice. *Busker v. Wabtec Corp.*, 750 F. App'x 522, 524 (9th Cir. 2018) (stating that the local controversy exception does not apply where the alleged conduct of the local defendant was undertaken as an agent of the non-local defendant); *see Kelly v. Verizon Pa., LLC*, No. 16-5672, 2019 WL 558100, at *8 (E.D. Pa. Feb. 12, 2019) (explaining that "the 'significant basis' prong focuses not on tangential conduct by the local defendant that serves as the conduit through which the primary defendant acted, but rather

on the actual conduct that underscores the claims in the complaint").[4] For these reasons, regardless of the requested jurisdictional discovery, Plaintiff will be unable to set forth "at least one local defendant whose alleged conduct forms a significant basis for all the claims asserted in the action." *Kaufman*, 561 F.3d at 155.

Courts have repeatedly recognized that "'[t]he local controversy exception is narrow, and the legislative history of CAFA reveals a strong preference that interstate class actions should be heard in a federal court if properly removed.'" *Durnell v. Foti*, No. 19-2972, 2019 WL 4573247, at *3 (E.D. Pa. Sept. 20, 2019) (quoting *Sabrina Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 584 (7th Cir. 2017)). "Because the CAFA exceptions require Plaintiff[] to prove all of the elements in the conjunctive, the jurisdictional discovery sought by Plaintiff[] would not impact the Court's decision in this case and would be futile." *Dutcher v. Matheson*, 16 F. Supp. 3d 1327, 1339 (D. Utah 2014).

### IV.   CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand, or the in the Alternative, for Jurisdictional Discovery, is denied.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[4] Notably, Plaintiff's insistence that at least one of the John Does could constitute a significant local defendant under the exception is severely undermined by the existence of several pending lawsuits, filed by Plaintiff's counsel in other jurisdictions, alleging virtually identical conduct by DCG. (*See* Decl. of Philip A. Goldstein, Exs. 2-4.) The common theme of these lawsuits is that DCG has a policy and practice to charge a higher price at the register for merchandise than the price advertised on the unit labels for the same merchandise on the shelves. (*See id.*) The most reasonable inference from this evidence, set forth by Defendants in conjunction with their opposition, is that the conduct of DCG and its corporate affiliates and officers substantially outweighs that of any local John Doe defendant who is merely acting as Dollar General employee and at the direction of a corporate policy and practice.