## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RYAN BUTTON, ON BEHALF OF HIMSELF AND THOSE SIMILARLY SITUATED,<br><br>        Plaintiff,<br><br>        vs.<br><br>DOLGENCORP, LLC D/B/A DOLLAR GENERAL,<br><br>        . | District of New Jersey Case No. 3:22-cv-07028-MAS-RAS<br><br>Removed from Superior Court of New Jersey, Monmouth County, Law Division<br><br>Docket No. MON-L-002774-22<br><br>SECOND AMENDED COMPLAINT AND JURY DEMAND |

Plaintiff, RYAN BUTTON ("Plaintiff"), on behalf of himself and those similarly situated, by way of Complaint, states:

## <u>NATURE OF THE ACTION</u>

1. This is a consumer protection class action against DOLGENCORP, LLC D/B/A DOLLAR GENERAL "Dollar General") arising out of Dollar General's policies and practices of regularly charging Plaintiff and putative class members a higher price at the register than the price of merchandise advertised on the shelves at the time of sale at its from Dollar General stores in New Jersey.

2. The class action claims arise from Dollar General's regular practice of charging customers a higher price on various items than the price advertised

on the shelves to its New Jersey consumers in its New Jersey locations, in violation of the New Jersey General Advertising Regulations, <u>N.J.A.C.</u> 13:45A-9.1*, et seq.* ("GA Regulations"); Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. ("CFA"); and the Truth in Consumer Contract Notice and Warranty Act ("TCCWNA"), N.J.S.A. 56:12-14, *et seq.*

## **VENUE AND JURISDICTION**

3.    Jurisdiction is appropriately laid in the Superior Court of New Jersey because Button resides in the State of New Jersey, Dollar General conducts business within the State of New Jersey, and Button's causes of action arose within the State of New Jersey.

4.    However, on December 5, 2022, Dollar General removed this matter to the United States District Court for the District of New Jersey, on the grounds of alleged original jurisdiction under the CAFA.

5.    On August 9, 2023, this Court denied Button's motion to remand.

6.    Thus, while Button does not concede CAFA jurisdiction, this amended complaint is filed in this Court pursuant to the Court's CAFA findings.

## **PARTIES**

7.    Plaintiff resides in Cliffwood Beach, New Jersey.

8.    Defendant Dollar General is the sole legal entity who operates stores trading as "Dollar General" in the State of New Jersey. Dollar General 's principal place of business is in Goodlettsville, Tennessee.

## FACTS RELATED TO DOLLAR GENERAL

9.    Plaintiff and all others similarly situated are persons who shop at Dollar General's stores in New Jersey.

10.    Dollar General operates dollar stores that offer a variety of inexpensive merchandise, including home products, seasonal products, consumables, and apparel. The company's business model is about offering products at competitive prices (typically less than $10) in a convenient, small-store format. Its core customer category includes low-to-middle-income customers. The company's stores are located in convenient locations that are easily accessible to its customers. It follows a small-box format and the stores have an easy "in and out" shopping set-up.[1]

11.    Dollar General caters mainly to low-and-middle-income customers in rural and suburban areas. The company's core customers earn around $40,000 a year or below, $20,000 below the median income. Dollar General looks to build stores in rural areas where a big box retailer or grocery store is not

---

[1] See
https://marketrealist.com/2017/04/dollar-general-why-small-format-stores-are-key/

within 15 or 20 miles. Around 75% of Dollar General stores are in towns with 20,000 or fewer people.[2]

12.   As of January 1, 2023 , Dollar General owned and operated approximately one hundred seventy-five (175) Dollar General stores in New Jersey, with more locations scheduled to open.[3]

**DOLLAR GENERAL ROUTINELY ITS CUSTOMERS MORE AT THE REGISTER THAN THE PRICE ADVERTISED ON THE SHELF**

13.   Dollar General has been audited by various Department of Weights and Measures (DWM) in New Jersey.

14.   The audits routinely demonstrate that Dollar General engages in a pattern or practice of charging its consumers more at the register when they check out than the price advertised on the store shelves.

15.   N.J.S.A. § 51:1-97(a)(4) makes it unlawful to "[m]isrepresent the price of any commodity or service sold, offered, exposed, or advertised for sale by weight, measure, count, or time, or represent the price in any manner calculated or tending to mislead or in any way deceive a person."

16.   On or about February 1, 2023, the Sussex DWM cited Dollar General for "misreprent[ing] the price of 9 commodities" in violation of N.J.S.A. §

---

[2] See https://www.cnn.com/2019/07/19/business/dollar-general-opposition
[3] *See* https://en.wikipedia.org/wiki/Dollar_General

51:1-97(a)(4). A true and accurate copy of the audit is attached hereto as **Exhibit 1**.

17.  On or about July 19, 2022, Dollar General entered into a guilty plea with respect to a June 1, 2022 violation of N.J.S.A. § 51:1-97(a)(4) with the Somerset DWM. Through this audit, Dollar General was found to have charged a higher price than advertised on 17 out of 100 items sampled (17% overcharge rate). A true and accurate copy of the same is attached hereto as **Exhibit 2**.

18.  On or about December 20, 2022, the Warren County DWM cited Dollar General for "misreprent[ing] the price of 5 commodities" in violation of N.J.S.A. § 51:1-97(a)(4). A true and accurate copy of the audit is attached hereto as **Exhibit 3**.

19.  On or about November 7, 2022, the Warren County DWM cited Dollar General for "misreprent[ing] the price of 1 commodity" in violation of N.J.S.A. § 51:1-97(a)(4). A true and accurate copy of the audit is attached hereto as **Exhibit 4**.

20.  On or about March 24, 2022, the Passaic County DWM cited Dollar General after they "misrepresented the price of (10) ten commodities" in violation of N.J.S.A. § 51:1-97(a)(4). On or about April 6, 2022, the Passaic County DWM cited Dollar General after they "misrepresented the price of (10) ten

commodities" in violation of N.J.S.A. § 51:1-97(a)(4). On or about April 8, 2022, the Passaic County DWM cited Dollar General after they "misrepresented the price of (10) ten commodities" in violation of N.J.S.A. § 51:1-97(a)(4). A true and accurate copy of the audits is attached hereto as **Composite Exhibit 5**.

21.    On or about November 18, 2021, the Passaic County DWM cited Dollar General after they "misrepresented the price of (10) ten commodities" in violation of N.J.S.A. § 51:1-97(a)(4). A true and accurate copy of the audit is attached hereto as **Exhibit 6**.

22.    On or about April 10, 2017, the Morris County DWM cited Dollar General after they misrepresented the price of two commodities in violation of N.J.S.A. § 51:1-97(a)(4). On or about October 18, 2018, the Morris County DWM cited Dollar General after they misrepresented the price of four (4) commodities in violation of N.J.S.A. § 51:1-97(a)(4). On or about January 31, 2019, the Morris County DWM cited Dollar General after they misrepresented the price of four (4) commodities in violation of N.J.S.A. § 51:1-97(a)(4). On or about October 1, 2019, the Morris County DWM cited Dollar General after they misrepresented the price of four (4) commodities in violation of N.J.S.A. § 51:1-97(a)(4). A true and accurate copy of the audits is attached hereto as **Composite Exhibit 7**.

23. On or about June 17, 2016, the Middlesex County DWM cited Dollar General after they misrepresented the price of sixteen (16) commodities in violation of N.J.S.A. § 51:1-97(a)(4). On or about April 14, 2016, the Middlesex County DWM cited Dollar General after they misrepresented the price of sixteen (16) commodities in violation of N.J.S.A. § 51:1-97(a)(4). A true and accurate copy of the audits is attached hereto as **Composite Exhibit 8**.

24. On or about December 3, 2019, the Middlesex County DWM cited Dollar General after they misrepresented the price of twenty (20) commodities in violation of N.J.S.A. § 51:1-97(a)(4). A true and accurate copy of the audit is attached hereto as **Exhibit 9**.

25. Dollar General has also demonstrated a callous disregard of our court systems by failing to appear in court after being summoned.

26. For example, on or about January 23, 2019, the Middlesex County DWM advised Dollar General that they "failed to appear at the south Plainfield court on Jan 23, 2019". On or about February 22, 2020, the Middlesex County DWM advised Dollar General that they "failed to appear at the south Plainfield court today". On or about May 5, 2021, the Middlesex County DWM advised Dollar General of its failure "to appear at the Municipal Court of South Plainfield". On December 6, 2022, the Middlesex County

DWM advised Dollar General of its failure to appear at the Middlesex Municipal Court. A true and accurate copy of the notices is attached hereto as **Composite Exhibit 10**.

27.    Then, in February 2023, after Dollar General twice failed to appear in court earlier in the year, a bench warrant of $1,000.00 was issued on Dollar General. A true and accurate copy of the notice is attached hereto as **Exhibit 11**.

28.    The above is not nearly an exhaustive list of each and every time Dollar General has been cited for overcharging customers but instead is presented to demonstrate Dollar General's pattern and practice of overcharging customers during the class period.

## FACTS RELATED TO PLAINTIFF'S TRANSACTIONS

29.    Plaintiff regularly shops at the Dollar General located at 228 NJ-35, Keyport, New Jersey 07735 ("Dollar General Keyport").

30.    While shopping at Dollar General Keyport in early 2022, Plaintiff noticed discrepancies between the prices of merchandise advertised on the shelves and what he was charged at checkout.

31.    When there was a price discrepancy, Plaintiff was usually charged and paid more than the advertised price.

32.    As a result of these discrepancies, Plaintiff began to track his purchases.

33. Dollar General regularly advertised promotions for Saturday purchases, Specifically, purchases of at least twenty-five dollars ($25.00) made on Saturdays would receive a five-dollar ($5.00) store discount. Plaintiff attempted to focus his Dollar General shopping on Saturdays, using the discount to save money.

34. Relying upon the advertised price of merchandise, Plaintiff would frequently fill his basket with at least twenty-five dollars ($25.00) worth of merchandise and complete the purchase to obtain the five-dollar ($5.00) discount.

35. Plaintiff noticed pricing issues and became suspicious when he was filling up his basket to twenty-five dollars ($25) worth of goods and merchandise but would notice the prices rung up at the register were higher.

36. Due to Plaintiff's experiences in being charged more at checkout than the advertised shelf price for merchandise, Plaintiff started to take pictures of the advertised prices to document the advertised/shelf prices to compare them to what he was charged and paid at checkout.

37. From May through July 2022, Plaintiff made several purchases at the Keyport Dollar General store during which Dollar General charged him a higher price for its merchandise than advertised shelf price. The discrepancies are outlined below:

June 16, 2022 (See **Exhibit 12** : Receipt, advertisements)

| Date | Location | Brand | Product | Price on Sign | Price at Register | Overcharge Amount |
|------|----------|-------|---------|---------------|-------------------|-------------------|
| 16-Jun | Keyport | Clover Valley | 2% Half Gallon Milk | $3.15 | $3.20 | $0.05 |
| 16-Jun | Keyport | General Mills | Lucky Charms | $4.00 | $4.75 | $0.75 |
| 16-Jun | Keyport | Dr. Pepper | Diet Dr. Pepper 12-pack | $4.50 | $5.00 | $0.50 |

June 21, 2022 (See **Exhibit 13** : Receipt, advertisement)

| Date | Location | Brand | Product | Price on Sign | Price at Register | Overcharge Amount |
|------|----------|-------|---------|---------------|-------------------|-------------------|
| 21-Jun | Keyport | Pirates Booty | Pirates Booty | $2.50 | $2.75 | $0.25 |

June 23, 2022 (See **Exhibit 14** : Receipt, advertisement)

| Date | Location | Brand | Product | Price on Sign | Price at Register | Overcharge Amount |
|------|----------|-------|---------|---------------|-------------------|-------------------|
| 23-Jun | Keyport | Clover Valley | 2% Half Gallon Milk | $3.15 | $3.20 | $0.05 |
| 23-Jun | Keyport | Clover Valley | Macaroni & Cheese | 2/$1 | 2/$1.50 | $0.50 |

June 28, 2022 (See **Exhibit 15** : Receipt, advertisements)

| Date | Location | Brand | Product | Price on Sign | Price at Register | Overcharge Amount |
|------|----------|-------|---------|---------------|-------------------|-------------------|
| 28-Jun | Keyport | Clover Valley | Small Curd Cottage Cheese | $2.35 | $2.40 | $0.05 |
| 28-Jun | Keyport | Clover Valley | Chef Boyardee Mini Ravioli | $1.00 | $1.25 | $0.25 |
| 28-Jun | Keyport | Clover Valley | Armour Smoked Ham | $3.00 | $3.75 | $0.75 |

July 1, 2022 (See **Exhibit 16** : Receipt, advertisements)

| Date | Location | Brand | Product | Price on Sign | Price at Register | Overcharge Amount |
|------|----------|-------|---------|---------------|-------------------|-------------------|

| 1-Jul | Keyport | Clover Valley | Scott Toilet Paper | $8.00 | $8.35 | $0.35 |
| 1-Jul | Keyport | Clover Valley | All Free Clear Detergent | $7.50 | $8.00 | $0.50 |

38.   Dollar General used the same procedures that they employed in charging a higher price than advertised to Plaintiff when selling the same and/or similar merchandise to numerous other New Jersey consumers.

39.   In the period beginning six years before the initial Complaint was filed and continuing to the present, Dollar General charged prices that were higher than advertised that were same or similar to the advertisements described, *supra*, to numerous New Jersey consumers.

40.   It is Dollar General's policy and practice to charge a higher price at the register for merchandise than the price advertised on the unit price labels for the same merchandise on the shelves in Dollar General's New Jersey stores.

## CLASS ACTION ALLEGATIONS

41.   This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 4:32-1(b)(2) and b(3) of the New Jersey Court Rules. Plaintiff brings this action on behalf of himself and all others similarly situated. Plaintiff seeks certification of the class pursuant to Rule 4:32-1(b)(2) and Rule 4:32-1(b)(3). In addition to a money damages class

generally, Plaintiff seeks a judgment pursuant to Rule 4:32-2(c) to confer benefits upon a fluid class, whose members may be, but need not have been members of the class in suit; and the subclass Rule 4:32-1(b)(3).[4] The class and subclass are initially defined as follows:

**CLASS**:

All persons who resided in New Jersey on October 10, 2022, the date the complaint was filed, who at any time on or after October 10, 2016, the day six years prior to the date on which the original Complaint was filed and continuing until the complained of practices cease purchased merchandise at a Dollar General store located in New Jersey.

**SUBCLASS**:

All members of the Class who paid more for merchandise than the advertised price labeled on the shelf at Dollar General store located in New Jersey.

42.    The class and subclass for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

43.    There are thousands if not tens or hundreds of thousands of consumers who meet the class and subclass definitions.

44.    There are questions of law and fact common to the members of class and subclass. These common questions include but are not limited to:

   a.    Whether the shelf price labels are advertisements under the GA Regulations.

---

[4] If the matter stays in federal court, Plaintiff seeks certification of a class pursuant to Fed R. Civ. Pro. 23(b)(2) and (b)(3) and the subclass pursuant to 23(b)(2).

b.  Whether the shelf price labels are "Price Advertisements " under the GA Regulations.

c.  Whether the misrepresentations regarding the discounts available for purchasing multiple products are "false or misleading representations of facts concerning the…existence or amounts of productions" or "the nature of an offering…available for sale" under the GA.

d.  Whether the shelf price labels are advertisements under the CFA.

e.  Whether the mis-priced shelf price labels violate the GA Regulations and/or the CFA.

f.  Whether the shelf price labels advertised to Plaintiff and others similarly situated is a contract or notice pursuant the TCCWNA;

g.  Whether Dollar General stores in New Jersey are a "seller", subject to the requirements of the TCCWNA;

h.  Whether by charging consumers in New Jersey more than the advertised shelf price at checkout, Dollar General made "false or misleading representations of facts concerning the…nature of an offering". (N.J.A.C. § 13:45A-9.2(a)(9)).

i.  Whether by charging consumers in New Jersey more than the advertised shelf price at checkout, Dollar General failed to "substantiate through documents, records or other written proof any

claim made regarding the… price of the advertised merchandise…. available for sale" (N.J.A.C. § 13:45A-9.2(a)(10)).

j.  Whether by charging consumers in New Jersey more than the advertised shelf price at checkout, Dollar General advertised merchandise as a part of plan or scheme not to sell the item at the advertised price (N.J.S.A. § 56:8-2.2).

k.  Whether by affixing an advertised price on store shelves which was less than the actual price charged for the merchandise at checkout, Dollar General failed to plainly mark the total selling price as required by the CFA. (N.J.S.A. § 56:8-2.5).

l.  Whether by affixing an advertised price on store shelves which was less than the actual price charged for the merchandise at checkout, violate the GA Regulations and/or the CFA, Dollar General violated the Declaratory Judgment Act (N.J.S.A. §§ 2A:16-50, et seq.).

45.  Plaintiff's claims are typical of the claims of the members of the class and subclass which he represents because all such claims arise out of the same policies, practices, and conduct, and the same or similar documents used by Dollar General in their dealings with Plaintiff and putative class members.

46.  Plaintiff has no interests antagonistic to those of the class.

47.   Plaintiff will fairly and adequately protect the interests of the class and subclass, and has retained competent counsel experienced in the prosecution of consumer litigation and class actions.

48.   Proposed Class Counsel has investigated and identified potential claims in this action.

49.   Proposed Class Counsel has a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

50.   Dollar General has acted, or refused to act, on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

51.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. While the economic damages suffered by the individual members of the subclass are significant to those class members, the amount is modest compared to the expense and burden of individual litigation. A class action will cause an orderly and expeditious administration of the claims of the class, and will foster economies of time, effort, and expense.

52.   The questions of law or fact common to the members of the class and subclass predominate over any questions affecting only individual members.

53.    A class action will cause an orderly and expeditious administration of the claims of the subclass, and will foster economies of time, effort and expense.

54.    Plaintiff does not anticipate any difficulty in the management of this litigation.

## CLASS CLAIMS

**COUNT ONE (On Behalf of Plaintiff and the Class)**
**Federal Declaratory Judgment**
**(28 U.S.C. §§ 2201 , *et seq.*)**

55.    Plaintiff repeats and re-alleges all of the prior allegations as if set forth at length herein.

56.    At all relevant times, there was in effect the Declaratory Judgments Act ("DJA"), 28 U.S.C. §2201(a) , which states, in relevant part:

In a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. .

57.    The GA Regulations confer rights on the consumers in New Jersey as contemplated by the DJA .

58.    The CFA is a statute that confers rights as contemplated by the Uniform Declaratory Judgments Law.

59.    The TCCWNA is a statute that confers rights as contemplated by the DJA .

60.  Dollar General violated the GA Regulations, CFA and TCCWNA by committing an unconscionable commercial practice, misrepresentations and or other affirmative unlawful act by violating the GA Regulations, and the CFA in its actions in falsely advertising prices to Plaintiff and those similarly situated, which made an item appear cheaper than what it actually was.

61.  Plaintiff, individually, and on behalf of the Class, seeks an order declaring that Dollar General ' actions in advertising prices on its shelves which are less than the actual price of the merchandise charged to Plaintiff and class members violated the GA Regulations, CFA and TCCWNA.

62.  The controversies presented in this case are definite and concrete and affect the adverse legal interests of the parties. Plaintiff and Class members contend that Dollar General is legally precluded from advertising prices on the shelves of Dollar General's New Jersey stores that are less than the actual price of the merchandise charged to persons in New Jersey who purchase that merchandise.

63.  There is an actual controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment because Dollar General has provided and will continue to provide unlawful advertisements in New Jersey and charge its customers more than the prices advertised on Dollar General store shelves.

64.    The Court should enter a declaratory judgment that Dollar General's actions in providing its New Jersey customers with shelf advertisements that misrepresent and understate the actual price of the merchandise charged to its customers, like those Plaintiff encountered, violate the GA Regulations, CFA and TCCWNA.

65.    The Court should enter a declaratory judgment requiring Dollar General to cease providing unlawful advertisements to its customers in New Jersey and also to cease charging more than the price advertised on the shelf of its New Jersey stores.

66.    Putative class members should be provided notice that Dollar General's ' actions in providing unlawful advertisements violate the GA Regulations, CFA and TCCWNA.

67.    Putative class members should be provided notice that if they purchased an item and paid more than the advertised shelf price, like Plaintiff, they may also be a member of the Class or subclass, and entitled to monetary relief under the CFA, GA Regulations, and TCCWNA.

68.    If the Court were to deny Plaintiff's request for declaratory relief, this controversy will continue to exist, as Dollar General will continue to provide unlawful advertisements to its customers in New Jersey and continue to charge them more than advertised shelf price.

69.    As a result of the aforementioned violations, Plaintiff, on behalf of himself and the putative class, seeks a declaratory judgment that Dollar General has violated the GA Regulations, the CFA and the TCCWNA, injunctive relief enjoining Dollar General from continuing to use advertisements that violate New Jersey law, and an award of reasonable attorneys' fees and costs.

**COUNT TWO (On Behalf of Plaintiff and the Class and Subclass)
Violations of the GA Regulations and the CFA**

70.    Plaintiff repeats and re-alleges all of the prior allegations as if set forth at length herein.

71.    At all relevant times, there was in effect the General Advertising Regulations (the "GA Regulations"), N.J.A.C. § 13:45A-9.1, *et. seq.*

72.    The GA regulations prohibit "the failure of an advertiser to substantiate through documents, records or other written proof any claim made regarding the….price of the advertised merchandise". N.J.A.C. § 13:45A-9.2(a)(10).

73.    An advertisement violating the GA regulations is a *per se* violation of the CFA. *Leon v. Rite Aid Corp.*, 340 N.J. Super. 462, 468 (App. Div. 2001).

74.    Dollar General's price labels on shelves in Dollar General's New Jersey stores are "Advertisements" under the GA Regulations at N.J.A.C. § 13:45A-9.1 and under the CFA at N.J.S.A. § 56:8-1.

75.    Dollar General is an "Advertiser " under the GA Regulations at N.J.A.C. § 13:45A-9.1.

76.   Dollar General's unit price labels on its New Jersey store shelves for the sale of merchandise via its brick and mortar stores and the sale of merchandise are subject to the GA Regulations and the CFA.

77.   Dollar General has violated the GA regulations at N.J.A.C. § 13:45A-9.2(a)(9) by making false or misleading representations of facts concerning "the nature of offering" by charging consumers more than the price advertised on its unit price labels at Dollar General's New Jersey stores.

78.   Dollar General has violated the GA regulations at N.J.A.C. § 13:45A-9.2(a)(10) by charging consumers more than the price advertised on its unit price labels at Dollar General's New Jersey stores.

79.   Dollar General has violated the GA regulations at N.J.A.C. § 13:45A-9.2(a)(9) by misrepresenting the "existence or amounts of price reductions, the nature of an offering…available for sale." As to the Plaintiff, Dollar General misrepresented that he could purchase two macaroni & cheese boxes for $1, meanwhile, Dollar General charged him $1.50.

80.   Dollar General's aforementioned violations of the GA Regulations constitute per se violations of the CFA and a direct affirmative act violation of the CFA at N.J.S.A. 56:8-2.

81. Furthermore, Dollar General's "advertisement of merchandise as part of a plan or scheme not to sell the item or service so advertised or not to sell the same at the advertised price is an unlawful practice and a violation of the [CFA]." N.J.S.A. 56:8-2.2.

82. In addition, Dollar General has engaged in unlawful, affirmative acts under the CFA, including unconscionable or abusive commercial practices, deception, fraud, false promises, false pretenses and/or misrepresentations in direct violation of the CFA in their interactions with Plaintiff and those similarly situated by charging a higher price at the register for merchandise than the price advertised on the unit price labels for the same merchandise on the shelves in Dollar General's New Jersey stores.

83. Plaintiff and those similarly situated paid more for the merchandise they purchased than the price advertised on the shelf labels for that merchandise at the times of their purchases.

84. As a direct result of Dollar General's ' unit price mislabeling practices, Plaintiff and those similarly situated suffered an ascertainable loss in amounts they were charged in excess of the advertised price. Plaintiff suffered an ascertainable loss in the amounts he was charged in excess of the prices advertised for the merchandise he purchased.

85.   As a result of the aforementioned violations, Plaintiff and those similarly situated are entitled to treble damages, reasonable attorney's fees and costs, pursuant to 56:8-19.

**COUNT THREE (On Behalf of Plaintiff and the Subclass)**
**Violations of the Truth-in-Consumer Contract, Warranty and Notice Act**
**(TCCWNA) Predicated on Violations of the GA Regulations, and the CFA**

86.   Plaintiff repeats and re-alleges all of the prior allegations as if set forth at length herein.

87.   The TCCWNA prohibits sellers from offering or giving written contracts or notices to consumers that contain any provision that violates a clearly established right of a consumer or a clearly established responsibility of a seller under New Jersey or Federal law. N.J.S.A. 56:12-15.

88.   At all times relevant to this matter, Plaintiff and those similarly situated were "consumers" with regard to the unit price label advertisements that Dollar General uses at its stores in New Jersey within the meaning of the TCCWNA.

89.   At all times relevant to this matter, Plaintiff and those similarly situated were customers of Dollar General in that they had all purchased merchandise from Dollar General in an amount which was greater than the advertised price.

90.    At all times relevant to this matter, Dollar General was a "seller" with regard to the sale of its merchandise at its stores within the meaning of the TCCWNA.

91.    The shelf price labels on Dollar General store shelves in its New Jersey stores which understated the true price of items that Dollar General provided to Plaintiff and those similarly situated were contracts and/or notices within the meaning of the TCCWNA.

92.    Dollar General has violated the TCCWNA at N.J.S.A. 56:12-15 by entering into a consumer contract, displaying and/or giving consumer notices that contained provisions that violated clearly established rights of Plaintiff and all those similarly situated, as established by State law, and by offering a consumer contract that contained provisions that violated their clearly established responsibilities under State law.

93.    Specifically, as outlined, *supra*, Dollar General's advertisements violated the GA Regulations at N.J.A.C. 13:45A-9.2(a)(10).

94.    It is a clearly established right of a consumer in New Jersey to not be provided with an advertisement that violates the GA Regulations at N.J.A.C. 13:45A-9.2(a)(10).

95.    It is a clearly established responsibility of a seller to not provide consumers in New Jersey with an advertisement that violates the GA Regulations at N.J.A.C. 13:45A-9.2(a)(10).

96.    Specifically, as outlined, supra, Dollar General's advertisements violated the GA Regulations at N.J.A.C. 13:45A-9.2(a)(9).

97.    It is a clearly established right of a consumer in New Jersey to not be provided with an advertisement that violates the GA Regulations at N.J.A.C. 13:45A-9.2(a)(9).

98.    It is a clearly established responsibility of a seller to not provide consumers in New Jersey with an advertisement that violates the GA Regulations at N.J.A.C. 13:45A-9.2(a)(9).

99.    The contracts/notices that Dollar General provided to Plaintiffs and those similarly situated is unlawful because it contains provisions that violate the clearly established legal rights of Plaintiff and those similarly situated and violates Dollar General's clearly established responsibilities under New Jersey law by employing methods to obscure the true price of its merchandise contrary to the requirements of the GA Regulations as set forth herein above and in direct violation of the CFA at N.J.S.A. § 56:8-2.

100.   Dollar General was prohibited from advertising prices for its merchandise which were less than the true price of the merchandise.

101. Plaintiff and those similarly situated suffered harm/were aggrieved because each paid an amount, that was in excess of the amount stated on the unit price label at Dollar General stores in New Jersey.

102. As a result of the aforementioned violations of the TCCWNA, Plaintiff and all others similarly situated are aggrieved consumers and are entitled to statutory damages of not less than $100.00 plus reasonable attorneys' fees, and costs pursuant to TCCWNA at <u>N.J.S.A.</u> 56:12-17 for each unlawful advertisement sent to them.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Dollar General as follows:

*On behalf of himself and all others similarly situated as to the Class (Count One):*

a.   Certification of the class, as defined herein, for equitable relief pursuant to <u>Rule</u> 4:32-1(b)(2);

b.   Appointment of named Plaintiff, Ryan Button, as Class Representative and appointment of his attorneys as Class Counsel;

c.   Injunctive relief requiring Dollar General to provide an accounting identifying all members of the class and subclass;

d.   Injunctive relief requiring Dollar General to provide an accounting of

all overcharges during the class period.

e.      A declaratory judgment that Dollar General violated the GA Regulations, CFA, and TCCWNA;

f.      Injunctive relief enjoining Dollar General from engaging in future violations of the GA Regulations, CFA and TCCWNA;

g.      Equitable relief requiring Dollar General to disgorge all improper gains received due to their violations of New Jersey state laws directly to identifiable class members, via a *cy pres* award and/or via a fluid recovery pursuant to R. 4:32-2(c).

h.      Injunctive relief requiring Dollar General to provide notice to all members of the class that their purchases at Dollar General stores in New Jersey may have violated of the GA Regulations, CFA, and TCCWNA and that if they were harmed or aggrieved or sustained and ascertainable loss that they can bring individual actions for statutory relief under TCCWNA, treble damages under the CFA and for an award of attorneys' fees and costs pursuant to both TCCWNA and the CFA;

i.      An award of reasonable attorneys' fees and costs of suit in connection with this action, pursuant to the court's equitable powers, the CFA at N.J.S.A. 56:8-19, and the TCCWNA at N.J.S.A. 56:12-17; and

j.      Such other and further relief as the Court deems equitable and just.

*On behalf of himself and all others similarly situated as to the Class (Counts Two and Three)*

k.    Certification of the Class and Subclass, as defined herein, for monetary relief pursuant to Rule 4:32-1(b)(3);

l.    Appointment of named Plaintiff, Ryan Button, as Class Representative and appointment of his attorneys as Class Counsel;

m.    Injunctive relief requiring Dollar General to provide an accounting identifying all members of the class and subclass;

n.    Declaratory judgment that Dollar General violated the GA Regulations, CFA and TCCWNA;

o.    Injunctive relief enjoining Dollar General from engaging in future violations of the GA Regulations, CFA and TCCWNA;

p.    Actual damages;

q.    Treble damages under the Consumer Fraud Act pursuant to the CFA at N.J.S.A. 56:8-19,

r.    Statutory civil penalties of $100 per illegal advertisement and corresponding purchase for an overcharge pursuant to the TCCWNA at N.J.S.A. 56:12-17;

s.    Reasonable attorneys' fees and costs of suit in connection with this action, pursuant to the CFA at N.J.S.A. 56:8-19 and TCCWNA at N.J.S.A. 56:12-17;

t.      Equitable relief requiring Dollar General to disgorge all improper gains received due to their violations of New Jersey state laws directly to identifiable class members, via a *cy pres* award and/or via a fluid recovery ;

u.      Pre-judgment and post-judgment interest; and

v.      Such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial.

## NOTICE TO ATTORNEY GENERAL OF ACTION

A copy of this Complaint shall be electronically mailed to the Attorney General of the State of N.J. within 24 hours after the filing of this Complaint with the Court pursuant to N.J.S.A. 56:8-20.

*/s/ Javier L. Merino*
Javier L. Merino, Esq.
Andrew R. Wolf, Esq.
The Dann Law Firm. PC
1520 U.S. Hwy. 130 – Ste. 101
North Brunswick, NJ 08902
*Attorneys for Plaintiff, on behalf of himself and others similarly situated*

Date: June 21, 2024